## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MOTOWN RECORD COMPANY, L.P., a :
California limited partnership; CAPITOL :
RECORDS, INC., a Delaware corporation; :
ATLANTIC RECORDING :     CIVIL ACTION
CORPORATION, a Delaware corporation; :
UMG RECORDING, INC., a Delaware :     NO. 04-CV-2246
corporation; WARNER BROS. RECORDS :
INC., a Delaware corporation; and SONY :
MUSIC ENTERTAINMENT INC., a :
Delaware corporation, :
                     :
         Plaintiffs, :
    v. :
                     :
THERESA DePIETRO, :
                     :
        Defendant. :

## ORDER

AND. NOW, this _____ day of _____, 2005, upon consideration of plaintiffs,

Motown Record Company, L.P. et al.'s Motion to Compel, it is hereby ORDERED that the

Motion is GRANTED and that defendant Theresa DePietro shall provide meaningful responses

to plaintiffs' existing interrogatories, Requests for Production and Requests for Admission, re-

submit to a deposition and provide responsive answers to questions at the deposition, and pay

plaintiffs' attorneys' fees and costs associated with seeking relief.

BY THE COURT:

_____
           The Honorable Cynthia M. Rufe

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MOTOWN RECORD COMPANY, L.P., a   :
California limited partnership; CAPITOL   :
RECORDS, INC., a Delaware corporation;   :
ATLANTIC RECORDING   :    CIVIL ACTION
CORPORATION, a Delaware corporation;   :
UMG RECORDING, INC., a Delaware   :    NO. 04-CV-2246
corporation; WARNER BROS. RECORDS   :
INC., a Delaware corporation; and SONY   :
MUSIC ENTERTAINMENT INC., a   :
Delaware corporation,   :
                                                       :
                                Plaintiffs,   :
            v.                                      :
                                                       :
THERESA DePIETRO,                    :
                                                       :
                                Defendant.   :

**MOTION TO COMPEL**

I.    **INTRODUCTION**

        This is a copyright action wherein Plaintiffs seek redress for infringement of

copyrighted sound recordings, pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq.[1]

To search for evidence and narrow the issues, Plaintiffs have propounded discovery that

complies with the Federal Rules of Civil Procedure.   Defendant, without legal excuse, has

ignored and thwarted Plaintiffs' discovery efforts.   Plaintiffs obtained an Order from this Court

---

[1]    Plaintiffs are recording companies that own or control exclusive rights to copyrights in
sound recordings, including the rights at issue in this case: (1) Plaintiffs' exclusive right
to reproduce certain of their copyrighted sound recordings; and (2) Plaintiffs' exclusive
right to distribute the copyrighted sound recordings.   On information and belief,
Defendant, without Plaintiffs' permission or consent, used an online media distribution
system to download, distribute, and make available Plaintiffs' Copyrighted Recordings.
Doc. 1.   This is copyright infringement.   *See In re Aimster Copyright Litig.*, 334 F.3d
643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004) (holding that the
individuals that make and transmit digital copies of copyrighted music files over the
internet are direct copyright infringers); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d
1004, 1014 (9th Cir. 2001), *aff'd*, 284 F.3d 1091.   Plaintiffs are entitled to an injunction,
statutory damages, attorneys' fees and costs pursuant to 17 U.S.C. §§ 504(c) & 505.

compelling Defendant's compliance, but Defendant still refuses.   In addition, Defendant prematurely terminated her deposition less than fifty-five minutes after it began.   Plaintiffs return again to this Court, reluctantly seeking another Order to compel discovery.

### A.     Governing Standards

Pursuant to Federal Rule of Civil Procedure 26(b), Plaintiffs are entitled to "obtain discovery regarding *any matter*, not privileged, *that is relevant* to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity, and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b) (emphasis added).   Relevancy is broadly construed. *See, e.g., Hicks v. Big Bros./Big Sisters of America*, 168 F.R.D. 528, 529 (E.D. Pa. 1996); *Ft. Washington Res., Inc. v. Tannen*, 153 F.R.D. 78, 79 (1994).   "Relevant matter encompasses any matter that bears on, or that . . . could bear on any issue that is or may be in the case." *Tannen*, 153 F.R.D. at 79 (internal quotation and citation omitted).

### B.     Factual And Procedural History

#### 1.     Case Overview

Plaintiffs filed this action against Defendant on May 24, 2004.   Doc. 1.   In it, Plaintiffs alleged that Defendant unlawfully downloaded and distributed certain recordings that were protected under federal copyright laws.   Doc. 1, ¶¶ 12-15.   Defendant was served with this action on July 26, 2004.   Doc. 5.

#### 2.     Plaintiffs' Written Discovery Requests And Defendant's Failure To Comply With This Court's Order

Plaintiffs served Defendant with discovery requests on January 4, 2005. Specifically, Plaintiffs, relying on Federal Rules of Civil Procedure 33, 34, and 36, submitted

Interrogatories, Request for Admission, and Request for Production (collectively "Written Discovery"). (A copy of each is attached hereto as Exhibits 1, 2, and 3).

Defendant purported to respond on February 7, 2005. Specifically, Defendant provided one-sentence responses that "den[ied]" all Written Discovery. (A copy of each is attached hereto as Exhibits 4, 5, and 6). Plaintiffs wrote a letter to Defendant requesting that she address her inadequate responses to the Written Discovery. (A copy of the February 16, 2005 letter is attached as Exhibit 7). Defendant did not respond or otherwise supplement her initial "responses." Plaintiffs moved to compel Defendant to provide adequate responses to the Written Discovery. Doc. 13. Defendant did not respond to Plaintiffs' Motion.

This Court granted Plaintiffs' Motion to Compel on April 1, 2005. Specifically, this Court ordered Defendant to:

> produce documents responsive to Plaintiffs' First Request for Production of Documents Directed to Defendant, serve full and complete answers to Plaintiffs' Interrogatories Directed to Defendant, and serve full and complete responses to Plaintiffs' First Requests for Admission Directed to Defendant within 10 days hereof, or risk the imposition of sanctions.

Doc. 17.

Defendant failed to comply with either the letter or spirit of this Court's Order. In one-sentence pleadings, Defendant, baldly invoking the Fifth Amendment, refused to admit or deny the Requests for Admission and refused to respond to the Interrogatories. (A copy of both pleadings are attached as Exhibits 8 and 9). Additionally, Defendant suggested she had "no existing documents" that were responsive to Plaintiffs' Requests for Production. (A copy of this pleading is attached as Exhibit 10).

### 3.   Defendant's Refusal To Participate In Her Deposition

Plaintiffs then noticed Defendant's deposition. (A copy of this Notice is attached as Exhibit 11). Defendant appeared for her deposition, again baldly asserted the Fifth

- 3 -

445051v1

Amendment privilege to any and all questions, and terminated the deposition by literally walking out of the door after approximately fifty-five minutes. *See* T. DePietro Depo., 26:10-32:19 (A copy of the deposition is attached as Exhibit 12).

Since walking out of her deposition, Defendant has refused to provide any discovery in this matter. Recently, on July 11, 2005, Plaintiffs sent Defendant a letter requesting that she correct her discovery violations. (A copy of the July 11, 2005 letter is attached as Exhibit 13). Defendant has not responded. Accordingly, Plaintiffs respectfully request that this Court grant their Second Motion to Compel and order all further and appropriate relief.

## II. ANALYSIS

This Motion addresses two significant discovery abuses. First, Defendant has refused, despite a direct Order from this Court, to provide meaningful responses to Written Discovery. Second, Defendant improperly terminated a proper deposition while questions were pending. Plaintiffs request that this Court compel Defendant to respond to the pending discovery requests, re-submit to a deposition, and grant appropriate discovery sanctions for Defendant's flagrant disregard of discovery.

### A. Defendant's Unsupported Assertion Of The Fifth Amendment Privilege Cannot Be Condoned

#### 1. This Court Should Compel Defendant To Respond To Plaintiffs' Legitimate Discovery Inquiries

Plaintiffs have attempted to employ legitimate discovery devices to obtain evidence necessary to prosecute their case. Defendant has exhibited a flagrant pattern of contemptuous behavior, including her blanket assertion of the Fifth Amendment privilege against self-incrimination on all types of discovery. As demonstrated below, she has no justifiable basis to assert this privilege. Even if this Court were to conclude otherwise, this Court should impose an adverse inference and preclude Defendant from offering contrary evidence.

- 4 -

a.      **The Fifth Amendment Only Applies When There Is A Reasonable Basis To Fear Incrimination**

The Fifth Amendment's legitimate protections (invariably) lead to abuse. *See Pelullo v. Schwartz (In re Pelullo)*, No. 98-5526, 1999 WL 142380, at \*10 (E.D. Pa. Mar. 16, 1999). Accordingly, courts do not accept bald assertions of privilege: "the privilege's protection extends only to witnesses who have 'reasonable cause to apprehend danger from a direct answer.'" *Reiner*, 532 U.S. at 21.

Whether the privilege extends to a particular question or discovery request is a question for the Court. *See Reiner*, 532 U.S. at 21; *Environmental Tectonics v. W.S. Kirkatrick, Inc.*, 847 F.2d 1052, 1065 (3d Cir. 1988). The Court must analyze the specific question – considering the implications of the question and the setting in which the question is posed – to determine whether a responsive answer or an explanation of why it cannot be answered might pose a real and significant threat of prosecution. *See Hoffman v. United States*, 341 U.S. 479, 486-87 (1951)

A witness' mere assertion or invocation of the privilege does not establish that the privilege applies.   Subjective apprehension of an incriminating risk is inconsequential; the apprehension must be real and reasonable as shown by the objective facts. *See United States v. Lee*, 315 F.3d 206, 213 (3d Cir. 2003); *see also Environmental Tectonics*, 847 F.2d at 1065 (recognizing the privilege protects against real dangers, not remote and speculative possibilities); *New York City Shoes v. Best Shoe Corp.*, 106 B.R. 58, 61 (Bankr. E.D. Pa. 1989) (recognizing the privilege may only be invoked where the witness has "reasonable cause" to fear self-incrimination).  If the risk of incrimination is not reasonable, the privilege does not apply and the witness must respond. *See Hoffman*, 341 U.S. at 486

-5-

b. **Defendant Is Mistaken As To The Applicability Of The Fifth Amendment**

(1) *The Fifth Amendment Does Not Apply To Plaintiffs' Deposition Questions*

Plaintiffs sought to depose Defendant about the circumstances surrounding this litigation, search for evidence to either refute or support their claims, and narrow the issues. Defendant appeared at the properly noticed deposition, but, after less than fifty-five minutes, unilaterally terminated the deposition by leaving the premises. The crux of Defendant's decision to terminate the deposition was her blanket assertion of her Fifth Amendment privilege. *See* Ex. 12, T. DePietro Depo., p. 26:5-17.

Defendant's invocation of the Fifth Amendment privilege at her deposition was unreasonable. After identifying her brother, sister-in-law, and then-boyfriend as persons with access to her home and computer, Defendant refused to identify any additional friends or family or answer any additional questions about these individuals that she had already selectively identified. *See* Ex. 12, T. DePietro Depo., p. 26:5-13. She then stated that she would answer no additional questions – irrespective of what they were – due to her understanding of the Fifth Amendment. *See* Ex. 12, T. DePietro Depo., p. 26:14-17 ("Q: You're going to assert the Fifth -- A: For every question you've got from now on out."). In an effort to make a record, counsel for Plaintiffs attempted to identify the nature of Defendant's objection, but Defendant simply said "I'm done." *See* Ex. 12, T. DePietro Depo., p. 26:23. Moreover, Plaintiffs' counsel attempted to make a record of her assertion with regard to the remaining questions, but Defendant sat silent for several minutes and then chose to walk out of the deposition. *See* Ex. 12, T. DePietro Depo., p. 27:5 – 31:7.

The facts and circumstances surrounding Defendant's deposition demonstrate that her blanket invocation of the Fifth Amendment was unreasonable. First, identifying Defendant's

friends and family with access to her home cannot reasonably subject *Defendant* to criminal liability. *See, e.g., Couch v. United States*, 409 U.S. 322, 330 (1976) (recognizing the Fifth Amendment privilege is personal in nature). Second, her blanket assertion of the privilege is improper. *See, e.g., Pelullo v. Schwartz (In re Pelullo)*, No. 98-5526, 1999 WL 142380, at *10 (E.D. Pa. Mar. 16, 1999) (recognizing that the "blanket assertion of [debtor's] Fifth Amendment privilege in refusing to respond to all of Defendant's discovery requests is an abuse of the privilege, especially in view of the fact that he is required to give specific answers to specific questions"). Even if the privilege would apply to *some* of Plaintiffs' questions, this does not "absolve [Defendant] of [her] responsibility for [her] repeated failure to respond to most of [Plaintiffs'] discovery requests." *Pelullo*, 1999 WL 142380, at *10. Third, Defendant, by selectively answering questions relating to her family and friends, waived her right to assert the privilege. *See, e.g., Mitchell v. United States*, 526 U.S. 314, 321 (1999) (recognizing the right can be waived).

### (2) *The Fifth Amendment Does Not Apply To Plaintiffs' Interrogatories*

Plaintiffs served twenty distinct Interrogatories upon Defendant. *See* Ex. 1. Defendant, in a one-sentence response, suggests she is not obliged to answer <u>any</u> of these requests because of the Fifth Amendment privilege. *See* Ex. 9. A simple examination of the Requests illustrates her blanket invocation is unsupportable. The Interrogatories seek specific information to specific issues. For instance, Plaintiffs ask Defendant to identify her date of birth, the basis for each affirmative defense identified in her Answer, and the identity of all persons who downloaded on online media distribution system onto her computer (which is not unlawful). *See* Ex. 1, Nos. 1, 6, and 20.

An answer to any of these questions would not reasonably subject Defendant to criminal prosecution. Defendant's blanket assertion of privilege is therefore inappropriate. *See Environmental Tectonics*, 847 F.2d at 1065; *see also Pelullo* 1999 WL 142380, at *10 (E.D. Pa. Mar. 16, 1999). Even if the privilege would apply to *some* of Plaintiffs' Interrogatories, it would not "absolve [Defendant] of [her] responsibility for [her] repeated failure to respond to most of [Plaintiffs'] discovery requests." *Pelullo*, 1999 WL 142380, at *10.

### (3)    The Fifth Amendment Does Not Apply To Plaintiffs' Request For Admission

Plaintiffs also served twenty-eight distinct Requests for Admission upon Defendant. *See* Ex. 2. Defendant, in a one-sentence response, suggests she is not obliged to answer *any* of these requests because of her Fifth Amendment privilege. *See* Ex. 8. This blanket response is untenable.

As with Plaintiffs' other discovery, the Requests for Admission seek information to narrow the factual issues in this case. For example, the Requests ask Defendant to admit or deny that, *inter alia*, she subscribed to the Internet service provider RCN Corporation, she owned her computer, she downloaded an online media distribution system onto her computer (which is not unlawful), and certain Plaintiffs own certain copyrights. *See* Ex. 2, Nos. 1, 2, 5, 14, and 25. A response to any of these Requests would not reasonably subject Defendant to criminal prosecution.    Defendant's blanket assertion of privilege is therefore inappropriate.    *See Environmental Tectonics*, 847 F.2d at 1065; *Pelullo*, 1999 WL 142380, at *10.    Even if the privilege would apply to *some* of Plaintiffs' Requests for Admission, this would not absolve Defendant for her repeated failure to respond to most of Plaintiffs' Requests. *Pelullo*, 1999 WL 142380, at *10.

2.     **Even If The Fifth Amendment Privilege Applies To Some Of The Discovery Issues, This Court Should Impose Sanctions Commensurate With The Resulting Prejudice To Plaintiffs**

The Supreme Court, in *Baxter v. Palmigiana*, 425 U.S. 308 (1976), recognized that use of the Fifth Amendment had consequences. First, if the First Amendment applied to some of the issues in this case, an adverse inference is appropriate. In *Baxter*, the U.S. Supreme Court recognized that an adverse inference may arise against the invoking party that refuses to testify. *See Baxter*, 425 U.S. at 320; *see also S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 191 (3d Cir. 1994). As explained above, each such use of the privilege should be separately examined by this Court. *See Pelullo*, 1999 WL 142380, at *10.

Second, it is also appropriate to preclude the invoking party from using the privilege as a shield in discovery and then, by surprise, waiving the privilege to defend against the claims at a later time. *See, e.g., Graystone Nash, Inc.*, 25 F.3d at 191 (citing, with approval, decisions that precluded a party from opposing summary judgment motions with affidavits after a refusal to answer questions in a deposition). This also requires issue by issue examination. Even if the privilege applies to one or more questions or requests in this litigation, this Court should nonetheless preclude Defendant from offering any evidence that is at the heart of the discovery requests Defendant is attempting to avoid. For example, if Defendant chooses not to respond to a question about whether she downloaded certain recordings, she should be precluded from providing evidence or testimony *opposing* Plaintiffs' evidence. Unlike in *Graystone Nash*, Defendant has refused to provide answers to Written Discovery (which addresses the underlying facts, relevant documents, and her defenses) and deposition questions. *See Graystone Nash*, 25 F.3d at 192 (concluding courts must balance the interests of the parties). Her stonewalling precludes Plaintiffs from obtaining the identity of other witnesses or other avenues of discovery. Accordingly, Defendant should be precluded from offering competing evidence. *See Graystone*

*Nash, Inc.*, 25 F.3d at 191 (recognizing the "dilemma of choosing between complete silence and presenting a defense does not fatally infect the right against compelled self-incrimination").

### B.   Defendant Has Willfully Refused To Produce Documents As Required By This Court's April 1, 2005 Discovery Order

In addition to improperly invoking the Fifth Amendment, Defendant has also continued to ignore Plaintiffs' requests and this Court's Order to produce documents. Plaintiffs served seventeen distinct Requests for Production upon Defendant and this Court ordered Defendant to respond appropriately. *See* Ex. 3 and Doc. 17. Defendant, in a one-sentence response, stated "[o]ther than the documents that have been sent to the Defendant by the Plaintiff [sic] or the Plaintiffs [sic] representatives, there are no existing documents that the Plaintiffs are requesting." *See* Ex. 10.

Defendant's response is demonstrably false and unresponsive. First, it is entirely irrelevant whether Plaintiffs have, through other means, obtained some of the documents it seeks from Defendant. This Court, in *Ft. Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994), recognized that "it is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source." Second, Defendant's suggestion that she has no additional documents is untrue. One of the requests, for example, asks Defendant to produce a copy of a particular "screenshot" from her computer's desktop. *See* Ex. 3 and Doc. 17. Plaintiffs do not have and have never had this information; it is solely within the possession, custody, and control of Defendant. She therefore has an obligation under the Federal Rules of Civil Procedure and this Court's April 1, 2005 Order to produce all information requested. *See* Fed. R. Civ. P. 34(b).

### C.   This Court Should Order Full Compliance With Plaintiffs' Discovery Responses And Impose Sanctions For Defendant's Behavior

The Federal Rules of Civil Procedure permit sanctions when a party refuses to

meaningfully participate in discovery. *See, e.g., Celmer v. Marriot Corp.*, No. 03-CV-5229, 2004 WL 1822763, at *1 (E.D. Pa. July 15, 2004) (relying on Fed. R. Civ. P. 37). Rule 37 identifies a range of penalties to be imposed for a party's dilatory discovery abuses. With regard to Defendant's failure to meaningfully respond to the Written Discovery, Plaintiffs are, subject to the Court's discretion, willing to accept meaningful responses to existing discovery (in lieu of monetary sanctions) and/or other non-monetary penalties. Defendant's behavior at the deposition, however, required the expenditure of time and money. Plaintiffs therefore respectfully request that this Court order Defendant to re-submit to a deposition, provide responsive answers to questions at the deposition, and pay Plaintiffs' attorney fees and costs (which will be provided at the conclusion of the hearing on this matter) associated with seeking relief. *See Johnson v. Wayne Manor Apartments*, 152 F.R.D. 56, 58 (E.D. Pa. 1993); *Blue Grass Steel, Inc. v. Miller Bldg. Corp.*, 162 F.R.D. 493, 495 (E.D. Pa. 1995); *cf. also Stone v. Jefferson Hosp.*, 164 F.R.D. 37, 38 (E.D. Pa. 1995) (dismissing a *pro se* litigant's claims because of discovery abuses, including the failure to respond to discovery requests and failure to appear for a deposition).

### III.   CONCLUSION

Plaintiffs' rights, as established by federal law, have been violated by Defendant. In addition to violating federal copyright laws, Defendant's discovery tactics have also run afoul of the Federal Rules of Civil Procedure. Neither violation can be condoned. Accordingly, Plaintiffs respectfully request that this Court order Defendant to comply with her discovery obligations and award sanctions as may be necessary to compensate Plaintiffs and deter Defendant's future conduct.

- 11 -

445051v1

Respectfully submitted

Dated:  July 19, 2005

Howard M. Klein
PA Bar No. 33632
Geoffrey L. Beauchamp
PA Bar No. 40380
CONRAD O'BRIEN GELLMAN & ROHN, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102-1916

Attorneys for Plaintiffs Motown Record Company,
L.P., Maverick Recording Co., Priority Records
LLC, SONY BMG MUSIC ENTERTAINMENT,
Atlantic Recording Corporation, Arista Records
LLC, UMG Recordings, Inc., Virgin Records
America, Inc., Warner Bros. Records Inc. and BMG
Music

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MOTOWN RECORD COMPANY, L.P., a  :
California limited partnership; CAPITOL  :
RECORDS, INC., a Delaware corporation;  :
ATLANTIC RECORDING              :      CIVIL ACTION
CORPORATION, a Delaware corporation;  :
UMG RECORDING, INC., a Delaware     :      NO. 04-CV-2246
corporation; WARNER BROS. RECORDS  :
INC., a Delaware corporation; and SONY  :
MUSIC ENTERTAINMENT INC., a        :
Delaware corporation,                  :
                                  :
                Plaintiffs,    :
                                  :
      v.                            :
                                  :
THERESA DePIETRO,             :
                                  :
                Defendant.   :

### PLAINTIFFS' INTERROGATORIES DIRECTED TO DEFENDANT

Pursuant to Federal Rule of Civil Procedure 33, please answer each of the

following interrogatories, separately and fully, in writing, under oath, within thirty (30) days

after service, in accordance with the Definitions and Instructions below.

### DEFINITIONS AND INSTRUCTIONS

A.      "YOUR COMPUTER" means all computers and computer components within

your possession, custody, or control that had access to the Internet at any time during the

preceding three years, including but not limited to, through your account with RCN Corporation.

B.      "PLAINTIFFS' RECORDINGS" means the sound recordings listed in Exhibit A

attached to the Complaint in this action.

C.      "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based

system including, but not limited to, Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh,

FastTrack, and Gnutella that enables users to copy sound recordings from, and/or distribute sound recordings to, other users of the system.

     D.     "PERSON(S)" means any natural person and any business, legal, or governmental entity or association.

     E.     "IDENTIFY" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, their relationship to you and their present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

     F.     "STATE THE BASIS" means you shall:

     1.     identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

     2.     identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

     3.     state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the person involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

     4.     state separately any other fact which forms the basis of your information regarding the alleged facts or legal conclusions referred to in the interrogatory.

G.     "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on the hard drive of YOUR COMPUTER in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM, including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

H.     These interrogatories call for all information (including any information contained in or on any document, electronic, or hard-copy) that is known or available to you, including all information in the possession of or available to your attorneys, agents, representatives, investigators or any other person acting on behalf of you or under your direction or control.

1.     If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please answer each such interrogatory to the fullest extent possible, state the facts upon which you rely to support your contention that you are unable to answer the interrogatory fully and completely, and state what knowledge, information, and belief that you have concerning the unanswered portion of each such interrogatory.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State your date of birth.

### INTERROGATORY NO. 2:

If you are under the age of eighteen (18) years, IDENTIFY your parents or legal guardian.

### INTERROGATORY NO. 3:

IDENTIFY the owner of YOUR COMPUTER.

**INTERROGATORY NO. 4:**

IDENTIFY all PERSONS who utilized YOUR COMPUTER during the last two

years.

**INTERROGATORY NO. 5:**

IDENTIFY all PERSONS who utilized YOUR COMPUTER on November 18,

2003.

**INTERROGATORY NO. 6:**

IDENTIFY all PERSONS who downloaded an ONLINE MEDIA

DISTRIBUTION SYSTEM on YOUR COMPUTER during the last two years.

**INTERROGATORY NO. 7:**

IDENTIFY all PERSONS who utilized an ONLINE MEDIA DISTRIBUTION

SYSTEM on YOUR COMPUTER during the last two years, including but not limited to any

PERSON who downloaded music to YOUR COMPUTER.

**INTERROGATORY NO. 8:**

IDENTIFY all PERSONS who utilized an ONLINE MEDIA DISTRIBUTION

SYSTEM on YOUR COMPUTER on November 18, 2003.

**INTERROGATORY NO. 9:**

Identify, by title of recording and recording artist, all sound recordings that you

have copied or downloaded onto YOUR COMPUTER using an ONLINE MEDIA

DISTRIBUTION SYSTEM during the three years before the Complaint in this action was filed.

**INTERROGATORY NO. 10:**

Identify, by title of recording and recording artist, all sound recordings that you

have MADE AVAILABLE from any of YOUR COMPUTERS using an ONLINE MEDIA

DISTRIBUTION SYSTEM during the three years before the Complaint in this action was filed.

**INTERROGATORY NO. 11:**

For each of the sound recordings identified in your response to Interrogatory Nos. 9 or 10, identify the ONLINE MEDIA DISTRIBUTION SYSTEM used and the dates you used them.

**INTERROGATORY NO. 12:**

State all user or screen names you ever have used in connection with each ONLINE MEDIA DISTRIBUTION SYSTEM you utilized.

**INTERROGATORY NO. 13:**

IDENTIFY all PERSONS who have used the user screen name "ELTONJOHN@KaZaA" while connected to an ONLINE MEDIA DISTRIBUTION SYSTEM using YOUR COMPUTER.

**INTERROGATORY NO. 14:**

If you have recorded or burned onto CDs any sound recordings that you have downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM, identify, by title of recording and recording artist, each such sound recording, grouping the sound recordings by the CD onto which they were burned.

**INTERROGATORY NO. 15:**

Describe (by type of file, and, if applicable, title of song, artist, and where you got the file from) what is contained in each file identified in Exhibit B to the Complaint.

**INTERROGATORY NO. 16:**

List which files identified in Exhibit B to the Complaint were downloaded through an ONLINE MEDIA DISTRIBUTION SYSTEM.

**INTERROGATORY NO. 17:**

IDENTIFY who downloaded each file identified in Exhibit B to the Complaint.

**INTERROGATORY NO. 18:**

Identify, by title of recording and recording artist, all of the sound recordings contained in the files identified in Exhibit B to the Complaint which you deleted from YOUR COMPUTER after you received the Complaint in this action.

**INTERROGATORY NO. 19:**

Identify, by title of recording and recording artist, all of the sound recordings that you downloaded to YOUR COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM after you received the Complaint in this action.

**INTERROGATORY NO. 20:**

STATE THE BASIS for each Affirmative Defense alleged in your Answer.

PEPPER HAMILTON LLP

Vincent V. Carissimi (#42227)
Barbara L. Delaney (#86160)
Nathan W. Dean (#91104)
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated:  January 4, 2005          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Nathan W. Dean, hereby certify that on January 4, 2005, I caused a true and correct copy of the foregoing Plaintiffs' Interrogatories Directed to Defendant to be served by depositing the same in the United States Mail, First Class, postage prepaid, addressed to:

> Ms. Theresa DePietro
> 1121 Folsom Avenue
> Prospect Park, PA  19076

_____
Nathan W. Dean

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MOTOWN RECORD COMPANY, L.P., a : 
California limited partnership; CAPITOL : 
RECORDS, INC., a Delaware corporation; : 
ATLANTIC RECORDING :      CIVIL ACTION
CORPORATION, a Delaware corporation; : 
UMG RECORDING, INC., a Delaware :      NO. 04-CV-2246
corporation; WARNER BROS. RECORDS : 
INC., a Delaware corporation; and SONY : 
MUSIC ENTERTAINMENT INC., a : 
Delaware corporation, : 
                   : 
           Plaintiffs, : 
                   : 
      v.                : 
                   : 
THERESA DePIETRO,         : 
                   : 
          Defendant.    : 

## <u>PLAINTIFFS' REQUESTS FOR ADMISSION DIRECTED TO DEFENDANT</u>

Plaintiff Motown Record Company, L.P. requests that Defendant admit the truth

of the following matters pursuant to Rule 36 of the Federal Rules of Civil Procedure. Under the

provisions of Rule 36, you are required to respond to these Requests for Admission, in writing,

within 30 days of service of these Requests. Your response must be signed as required by Rule

26(g)(2) of the Federal Rules of Civil Procedure. If you fail to fully respond to these Requests

for Admission within the time allowed, the matters set forth in these Requests may be deemed

admitted and conclusively established against you for purposes of this action.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

A.     "PERSON(S)" means and includes any natural person or any business, legal or

governmental entity or association.

B.     "PLAINTIFFS' EXHIBIT A RECORDINGS" means the sound recordings listed on Exhibit A to the Complaint.

C.     "PLAINTIFFS' SCHEDULE 1 RECORDINGS" means the sound recordings listed on "SCHEDULE 1" hereto, each of which are also listed on Exhibit B to the Complaint.

D.     "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, and Gnutella, that enables users to copy sound recordings from, and/or distribute sound recordings to, other users of the system.

E.     "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on your computer hard drive in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

F.     "YOUR COMPUTER" means all computers and computer components within your possession, custody, or control that had access to the Internet at any time during the preceding three years, including but not limited to, through your account with RCN Corporation.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that you subscribed to the Internet service provided by RCN Corporation, that connected YOUR COMPUTER to the Internet as of November 18, 2003.

### REQUEST FOR ADMISSION NO. 2:

Admit that you owned YOUR COMPUTER as of November 18, 2003.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you had the right and ability to supervise or control the use of YOUR

COMPUTER as of November 18, 2003.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you knew that YOUR COMPUTER had been used to download or

MAKE AVAILABLE copyrighted sound recordings on or before November 18, 2003.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you downloaded an ONLINE MEDIA DISTRIBUTION SYSTEM to

YOUR COMPUTER.

**REQUEST FOR ADMISSION NO. 6:**

Admit that an ONLINE MEDIA DISTRIBUTION SYSTEM was downloaded to

YOUR COMPUTER.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you have used the user screen name "ELTONJOHN@KaZaA" while

connected to an ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Exhibit B to the Complaint is a true and correct copy of your share

folder as it currently exists or as it existed at any point in the past three years.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Exhibit B to the Complaint accurately lists material you have MADE

AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM within the past three years.

**REQUEST FOR ADMISSION NO. 10:**

Admit that each of the file names listed on Exhibit B to the Complaint accurately depicts the artist and title of the sound recordings actually contained within those files as they reside or resided on YOUR COMPUTER.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you downloaded each of PLAINTIFFS' EXHIBIT A RECORDINGS onto YOUR COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR ADMISSION NO. 12:**

Admit that when you downloaded each of PLAINTIFFS' EXHIBIT A RECORDINGS onto YOUR COMPUTER, you knew that downloading such sound recordings was illegal.

**REQUEST FOR ADMISSION NO. 13:**

Admit that each Plaintiff listed on Exhibit A attached to the Complaint in this action as owning a copyright in one or more of PLAINTIFFS' EXHIBIT A RECORDINGS, does own or control exclusive rights to the copyright in each such sound recording next to which the Plaintiff is listed.

**REQUEST FOR ADMISSION NO. 14:**

Admit that each Plaintiff listed on Exhibit A attached to the Complaint as owning a copyright in one or more of PLAINTIFFS' EXHIBIT A RECORDINGS, registered the copyright in each such sound recording next to which the Plaintiff is listed prior to the first date in which you downloaded or MADE AVAILABLE each such sound recording.

**REQUEST FOR ADMISSION NO. 15:**

Admit that none of Plaintiffs ever has authorized you to copy or download any of PLAINTIFFS' EXHIBIT A RECORDINGS onto a computer hard drive.

-4-

**REQUEST FOR ADMISSION NO. 16:**

      Admit that on or before the date of the filing of the Complaint in this action you MADE AVAILABLE PLAINTIFFS' EXHIBIT A RECORDINGS via an ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR ADMISSION NO. 17:**

      Admit that none of Plaintiffs ever has authorized you to MAKE AVAILABLE PLAINTIFFS' EXHIBIT A RECORDINGS to be downloaded or copied onto the computer hard drive of any other PERSON.

**REQUEST FOR ADMISSION NO. 18:**

      Admit that after you received the Complaint in this action, you deleted some or all of PLAINTIFFS' EXHIBIT A RECORDINGS from YOUR COMPUTER.

**REQUEST FOR ADMISSION NO. 19:**

      Admit that you downloaded each of PLAINTIFFS' SCHEDULE 1 RECORDINGS onto YOUR COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR ADMISSION NO. 20:**

      Admit that when you downloaded each of PLAINTIFFS' SCHEDULE 1 RECORDINGS onto YOUR COMPUTER, you knew that downloading such sound recordings was illegal.

**REQUEST FOR ADMISSION NO. 21:**

      Admit that each Plaintiff listed on SCHEDULE 1 as owning a copyright in one or more of PLAINTIFFS' SCHEDULE 1 RECORDINGS, does own or control exclusive rights to the copyright in each such sound recording next to which the Plaintiff is listed.

**REQUEST FOR ADMISSION NO. 22:**

Admit that each Plaintiff listed on SCHEDULE 1 as owning a copyright in one or more of PLAINTIFFS' SCHEDULE 1 RECORDINGS, registered the copyright in each such sound recording next to which the Plaintiff is listed prior to the first date in which you downloaded or MADE AVAILABLE each such sound recording.

**REQUEST FOR ADMISSION NO. 23:**

Admit that none of Plaintiffs ever has authorized you to copy or download any of PLAINTIFFS' SCHEDULE 1 RECORDINGS onto a computer hard drive.

**REQUEST FOR ADMISSION NO. 24:**

Admit that on or before the date of the filing of the Complaint in this action you MADE AVAILABLE PLAINTIFFS' SCHEDULE 1 RECORDINGS via an ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR ADMISSION NO. 25:**

Admit that none of Plaintiffs ever has authorized you to MAKE AVAILABLE PLAINTIFFS' SCHEDULE 1 RECORDINGS to be downloaded or copied onto the computer hard drive of any other PERSON.

**REQUEST FOR ADMISSION NO. 26:**

Admit that after you received the Complaint in this action, you deleted some or all of PLAINTIFFS' SCHEDULE 1 RECORDINGS from YOUR COMPUTER.

**REQUEST FOR ADMISSION NO. 27:**

Admit that after you received the Complaint in this action, you continued to download sound recordings to YOUR COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR ADMISSION NO. 28:**

      Admit that after you received the Complaint in this action, you continued to

MAKE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM at least some of

PLAINTIFFS' EXHIBIT A RECORDINGS or PLAINTIFFS' SCHEDULE 1 RECORDINGS.

                    PEPPER HAMILTON LLP

                    Vincent V. Carissimi (#42227)
                    Barbara L. Delaney (#86160)
                    Nathan W. Dean (#91104)
                    3000 Two Logan Square
                    Eighteenth & Arch Streets
                    Philadelphia, PA  19103-2799
                    (215) 981-4000

Dated:  January 4, 2005          Attorneys for Plaintiffs

## SCHEDULE 1

## THERESA DEPIETRO

| PLAINTIFF | ARTIST | SONG TITLE | ALBUM TITLE | SR |
|---|---|---|---|---|
| UMG Recordings, Inc. | Tom Petty | I Won't Back Down | Full Moon Fever | 103-541 |
| UMG Recordings, Inc. | Cher | Just Like Jesse James | Heart Of Stone | 107-164 |
| UMG Recordings, Inc. | Cher | After All (Love theme from Chances Are) | Heart Of Stone | 107-164 |
| Warner Bros. Records Inc. | Rod Stewart | Downtown Train | Downtown Train | 114-412 |
| Warner Bros. Records Inc. | Fleetwood Mac | Sara | Tusk | 12-873 |
| Capitol Records, Inc. | Bonnie Raitt | I Can't Make You Love Me | Luck of the Draw | 133-193 |
| Capitol Records, Inc. | Bonnie Raitt | Something to Talk About | Luck of the Draw | 133-193 |
| Sony BMG Music Entertainment | Mariah Carey | Hero | Music Box | 178-631 |
| Atlantic Recording Corporation | Matchbox 20 | Girl Like That | Yourself or Someone Like You | 227-755 |
| Atlantic Recording Corporation | Matchbox 20 | Push | Yourself or Someone Like You | 227-755 |
| UMG Recordings, Inc. | Shania Twain | Man!  I Feel Like A Woman | Come On Over | 243-502 |
| UMG Recordings, Inc. | Shania Twain | That Don't Impress Me Much | Come On Over | 243-502 |
| Sony BMG Music Entertainment | Dixie Chicks | Goodbye Earl | Fly | 275-086 |
| Atlantic Recording Corporation | Rod Stewart | Don't Come Around Here | Human | 300-512 |
| Atlantic Recording Corporation | matchbox twenty | Stop | Mad Season | 305-708 |
| Atlantic Recording Corporation | matchbox twenty | Bent | Mad Season | 305-708 |
| Capitol Records, Inc. | Billy Idol | Dancing With Myself | Billy Idol | 39-673 |
| Capitol Records, Inc. | Bob Seger | Roll Me Away | Distance | 43-102 |
| Motown Record Company, L.P. | Lionel Richie | All Night Long (All Night) | Can't Slow Down | 49-235 |
| UMG Recordings, Inc. | Tom Petty | American Girl | Long After Dark | 50-037 |
| Warner Bros. Records Inc. | A-Ha | Take On Me | Hunting High and Low | 63-603 |
| UMG Recordings, Inc. | The Police | Roxanne | Outlandos D'Amour | 6-942 |
| UMG Recordings, Inc. | Bon Jovi | You Give Love a Bad Name | Slippery When Wet | 71-794 |

| PLAINTIFF | ARTIST | SONG TITLE | ALBUM TITLE | SR |
|---|---|---|---|---|
| UMG Recordings, Inc. | Cher | Half-Breed | Half Breed | 79-301 |
| UMG Recordings, Inc. | Cher | Gypsies, Tramps and Thieves | Half Breed | 79-301 |
| Atlantic Recording Corporation | INXS | Never Tear Us Apart | Kick | 85-232 |
| Warner Bros. Records Inc. | Rod Stewart | Forever Young | Out Of Order | 92-430 |
| Warner Bros. Records Inc. | Fleetwood Mac | Go Your Own Way | Rumours | N39857 |
| Warner Bros. Records Inc. | Fleetwood Mac | You Make Loving Fun | Rumours | N39857 |
| UMG Recordings, Inc. | Styx | Come Sail Away | The Grand Illusion | N43654 |
| Motown Record Company, L.P. | Marvin Gaye | Let's Get It On | Let's Get It On | N8961 |

## **CERTIFICATE OF SERVICE**

I, Nathan W. Dean, hereby certify that on January 4, 2005, I caused a true and correct

copy of the foregoing Plaintiffs' Requests for Admission Directed to Defendant to be served by

depositing the same in the United States Mail, First Class, postage prepaid, addressed to:

Ms. Theresa DePietro
1121 Folsom Avenue
Prospect Park, PA  19076

Nathan W. Dean

# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MOTOWN RECORD COMPANY, L.P., a :
California limited partnership; CAPITOL :
RECORDS, INC., a Delaware corporation; :
ATLANTIC RECORDING                      :          CIVIL ACTION
CORPORATION, a Delaware corporation; :
UMG RECORDING, INC., a Delaware        :          NO. 04-CV-2246
corporation; WARNER BROS. RECORDS :
INC., a Delaware corporation; and SONY  :
MUSIC ENTERTAINMENT INC., a            :
Delaware corporation,                   :
                                        :
                Plaintiffs,     :
                                        :
    v.                                :
                                        :
THERESA DePIETRO,                       :
                                        :
              Defendant.      :

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

Pursuant to Federal Rule of Civil Procedure 34, please make available for inspection and copying the documents and things described below, within thirty (30) days after service, at the law offices of Pepper Hamilton LLP, 3000 Two Logan Square, Eighteenth and Arch Streets, Philadelphia, Pennsylvania 19103.

### DEFINITIONS AND INSTRUCTIONS

A.      "YOUR COMPUTER(S)" means all computers and computer components within your possession, custody, or control that had access to the Internet at any time during the preceding three years, including but not limited to, through your account with RCN Corporation.

B.      "PERSON(S)" means and includes any natural person or any business, legal, or governmental entity or association.

C.     "PLAINTIFFS' RECORDINGS" means the sound recordings listed on Exhibit A attached to the Complaint in this action.

D.     The term "DOCUMENTS" has the same meaning and scope as that term has in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

E.     "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, and Gnutella that enables users to copy sound recordings from, and/or distribute sound recordings to, other users of the system.

F.     "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on your computer hard drive in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

G.     "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

H.     You must produce documents as they are usually kept, or organize and label the documents you produce to correspond with the categories enumerated below. See Fed. R. Civ. P. 34(b).

I.     If any responsive document has been withheld because of a claim of privilege or work-product, you are required to produce a log stating the following information for each such document:

-2-

1.    The date appearing on the document, or, if no date appears, the date upon which it was prepared;

2.    Any identifying numbers or symbols;

3.    The identity of each person who participated in the creation of the document;

4.    The general subject matter of the document;

5.    The number of pages of the document;

6.    The identity of each person to whom the document is addressed, if any, and the identity of each person to whom the original or a copy of the document was sent;

7.    The identity of each person who presently has possession, custody, or control of the document or any copy thereof;

8.    The location of any file or files where the document or any draft or copy thereof normally or presently is kept;

9.    The general nature or description of the document (e.g., letter, memorandum, handwritten notes, minutes, etc.);

10.    The reason or reasons for the objection with sufficient particularity to allow the Court to adjudicate the merits of such objection, and the identity of the persons who have knowledge of the factual bases, if any, on which the privilege or other objection is asserted.

J.    If any responsive document has been discarded, destroyed, or deleted you are required to produce a log stating, for each such document, the following information:

1.    The date appearing on the document, or, if no date appears, the date upon which it was prepared;

2.    Any identifying numbers or symbols;

-3-

3.      The identity of each person who participated in the creation of the

document;

4.      The general subject matter of the document;

5.      The number of pages of the document;

6.      The identity of each person to whom the document was addressed, if any,

and the identity of each person to whom the original or a copy of the document was sent;

7.      The identity of each person whoever had possession, custody, or control of

the document or any copy thereof;

8.      The location of any file or files where the document or any draft or copy

thereof normally was kept;

9.      The general nature or description of the document (e.g., letter,

memorandum, handwritten notes, minutes, etc.);

10.     The circumstances surrounding the loss or destruction of the document.

## DOCUMENTS TO BE PRODUCED

1.      All DOCUMENTS CONCERNING any registration by you as a user of any

ONLINE MEDIA DISTRIBUTION SYSTEM.

2.      All sound recordings that are stored on the hard drive of any of YOUR

COMPUTERS that you copied or downloaded using an ONLINE MEDIA DISTRIBUTION

SYSTEM within three years before the Complaint in this action was filed.

3.      All sound recordings stored on the hard drive of any of YOUR COMPUTERS

that you ever MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM within

three years before the Complaint in this action was filed.

4.     All DOCUMENTS CONCERNING any sound recordings that you have MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM from any of YOUR COMPUTERS within three years before the Complaint in this action was filed.

5.     All DOCUMENTS CONCERNING any sound recording that you copied or downloaded from other users of an ONLINE MEDIA DISTRIBUTION SYSTEM within three years before the Complaint in this action was filed.

6.     A complete print-out of your screen shots depicting any publicly accessible folder, on any of YOUR COMPUTERS listing all sound recordings currently stored in those folders.

7.     All DOCUMENTS CONCERNING any notices received by you from any Internet Service Provider CONCERNING copyrighted materials.

8.     All DOCUMENTS CONCERNING communications or correspondence between you and any ONLINE MEDIA DISTRIBUTION SYSTEM, including, without limitation, e-mail messages, messages posted on on-line bulletin boards or in chat rooms, and real-time internet messaging messages.

9.     All DOCUMENTS CONCERNING communications between you and anyone else CONCERNING any ONLINE MEDIA DISTRIBUTION SYSTEM or the "sharing," "trading," or downloading of digital music files, including, without limitation, e-mail messages, messages posted at on-line bulletin boards or in chat rooms, and real-time internet messaging messages.

10.     All DOCUMENTS CONCERNING this lawsuit or any allegations contained therein, with the exception of documents filed with the Court.

11.     All DOCUMENTS supporting the Affirmative Defenses alleged in your Answer.

12.    All DOCUMENTS CONCERNING all CDs that you have recorded or burned from any sound recording that you downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM, including without limitation the CDs themselves and all lists of the sound recordings that are included on the CDs.

13.    An electronic copy of each of the files identified in Exhibit B to the Complaint.

14.    An electronic copy of each file currently contained in any share folder accessible through any ONLINE MEDIA DISTRIBUTION SYSTEM.

15.    An electronic copy of the entire share folder utilized or created in connection with any ONLINE MEDIA DISTRIBUTION SYSTEM.

16.    An electronic copy of the "registry" contained in (1) c:\windows\system.dat and (2) c:\windows\user.dat.

17.    A copy of the "screenshot" of YOUR COMPUTER's Windows Desktop.  For purposes of the request, please follow these instructions:

        A.    Start up your computer and before running any program press the "Print Screen" button on your keyboard.

        B.    Click the "Start" button and select "Paint" from the "Accessories" menu.

        C.    Select "Paste" under the "Edit" menu in "Paint."

        D.    Under the "File" menu select "Save" and save the file as "desktop_screenshot.bmp."

        E.    Close the "Paint" program.

        F.    Click the "Start" button and press the "Print Screen' button while the "Start Menu" is open.

        G.    Click the "Start" button and select "Paint" from the "Accessories" menu.

        H.    Select "Paste" under the "Edit" menu in "Paint."

        I.    Under the "File" menu select "Save" and save the file as "start_menu_screenshot.bmp."

J.      Close the "Paint" program.

K.      Click the "Start" button and select "All Programs" then press the "Print Screen' button while the "All Programs Menu" is open.

L.      Click the "Start" button and select "Paint" from the "Accessories" menu.

M.      Select "Paste" under the "Edit" menu in "Paint".

Include the files "desktop_screenshot.bmp", "start_menu_screenshot.bmp" and

"all_programs_menu_screenshot.bmp" in the backup returned to us.

PEPPER HAMILTON LLP

Vincent V. Carissimi (#42227)
Barbara L. Delaney (#86160)
Nathan W. Dean (#91104)
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated:  January 4, 2005          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Nathan W. Dean, hereby certify that on January 4, 2005, I caused a true and correct

copy of the foregoing Plaintiffs' First Request for Production of Documents Directed to

Defendant to be served by depositing the same in the United States Mail, First Class, postage

prepaid, addressed to:

> Ms. Theresa DePietro
> 1121 Folsom Avenue
> Prospect Park, PA  19076

_____
Nathan W. Dean

# EXHIBIT 4

P.04    FEB-08-2005

## In The United States District Court
### For The Eastern District Of Pennsylvania

| | |
|---|---|
| Motown Record Company, L.P., Capitol Records  : <br> Inc., Atlantic Recording Corporation, UMG  : <br> Recordings, Inc., Warner Bros. Records And  : <br> Sony Music Entertainment INC.  : <br>   : <br>     Plaintiffs  : <br>   : <br>     V.  : <br>   : <br> Theresa DePietro  : <br>   : <br>     Defendant  : | Civil Action No.04-2246 <br><br><br><br><br><br><br> **DEFENDANT DEMANDS** <br> **A TRIAL BY JURY** |

Defendant Theresa DePietro denies the Plaintiffs' request for answers to their interrogatories.

Dated: February 7, 2005

1

# EXHIBIT 5

**In The United States District Court**
**For The Eastern District Of Pennsylvania**

Motown Record Company, L.P., Capitol Records        :        Civil Action No.04-2246
Inc., Atlantic Recording Corporation, UMG           :
Recordings, Inc., Warner Bros. Records And          :
Sony Music Entertainment INC.                       :
                                                    :
     Plaintiffs                              :
                                                    :
     V.                                      :        **DEFENDANT DEMANDS**
                                                    :        **A TRIAL BY JURY**
Theresa DePietro                                    :
                                                    :
     Defendant                               :
                                                    :

Defendant Theresa DePietro denies Plaintiffs' request for admission.

Dated: February 7, 2005

1

# EXHIBIT 6

P.03
FEB-08-2005 13:37

## In The United States District Court
## For The Eastern District Of Pennsylvania

Motown Record Company, L.P., Capitol Records    :      Civil Action No.04-2246
Inc., Atlantic Recording Corporation, UMG        :
Recordings, Inc., Warner Bros. Records And      :
Sony Music Entertainment INC.               :
                                          :
      Plaintiffs                       :
                                          :
      V.                           :      **DEFENDANT DEMANDS**
                                          :      **A TRIAL BY JURY**
Theresa DePietro                   :
                                          :
      Defendant                    :

Defendant Theresa DePietro denies Plaintiffs' request for production of documents.

Dated: February 7, 2005

1

# EXHIBIT 7

# Pepper Hamilton LLP
#### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Nathan W. Dean
direct dial: 215 981 4121
deann@pepperlaw.com

February 16, 2005

***Via First Class Mail***

Ms. Theresa DePietro
1121 Folsom Avenue
Prospect Park, PA 19076

Re:   Motown Record Company, et al. v. Theresa DePietro
E.D. PA Case No. 04-2246

Dear Ms. DePietro:

As you know, we represent the plaintiffs in the above-referenced matter. We are writing to address the inadequacy of your responses to Plaintiffs' Requests for Admission Directed to Defendant, Plaintiffs' First Request for Production of Documents Directed to Defendant, and Plaintiffs' Interrogatories Directed to Defendant. Please give me a call at 215-981-4121 so that we can discuss supplemental responses on your part. If we are unable to resolve this issue by Wednesday of next week (2/23) we will seek the Court's assistance in compelling you to respond as we have a short period of time in which to conduct discovery.

I look forward to your call and your cooperation.

Sincerely,

Nathan W. Dean

NWD:kh
Enclosures

# Pepper Hamilton LLP
Attorneys at Law

Ms. Theresa DePietro
February 16, 2005
Page 2

bc:     David Steinberg, Esquire
        Yvette Molinaro, Esquire
        Eric J. German, Esquire
        Vincent V. Carissimi, Esquire
        Barbara L. Delaney, Esquire
        Paula A. Wright
        (*All via electronic mail*)

# EXHIBIT 8

**In The United States District Court**
**For The Eastern District Of Pennsylvania**

| | | |
|---|---|---|
| Motown Record Company, L.P., Capitol Records | : | Civil Action No.04-2246 |
| Inc., Atlantic Recording Corporation, UMG | : | |
| Recordings, Inc., Warner Bros. Records And | : | |
| Sony Music Entertainment INC. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| V. | : | **DEFENDANT DEMANDS** |
| | : | **A TRIAL BY JURY** |
| Theresa DePietro | : | |
| | : | |
| Defendant | : | |

Defendant Theresa DePietro is exercising her Fifth Amendment right by refusing to
either admit or deny Plaintiff's requests for admission.

Dated: April 11, 2005

1

# EXHIBIT 9

### In The United States District Court
### For The Eastern District Of Pennsylvania

| | | |
|---|---|---|
| Motown Record Company, L.P., Capitol Records | : | Civil Action No.04-2246 |
| Inc., Atlantic Recording Corporation, UMG | : | |
| Recordings, Inc., Warner Bros. Records And | : | |
| Sony Music Entertainment INC. | : | |
| | : | |
|     Plaintiffs | : | |
| | : | |
| V. | : | **DEFENDANT DEMANDS** |
| | : | **A TRIAL BY JURY** |
| Theresa DePietro | : | |
| | : | |
|     Defendant | : | |

Defendant Theresa DePietro is exercising her Fifth Amendment right by refusing to
answer Plaintiff's Interrogatories.

Dated: April 11, 2005

1

# EXHIBIT 10

**In The United States District Court**
**For The Eastern District Of Pennsylvania**

| | | |
|---|---|---|
| Motown Record Company, L.P., Capitol Records | : | Civil Action No.04-2246 |
| Inc., Atlantic Recording Corporation, UMG | : | |
| Recordings, Inc., Warner Bros. Records And | : | |
| Sony Music Entertainment INC. | : | |
| | : | |
|     Plaintiffs | : | |
| | : | |
|     V. | : | **DEFENDANT DEMANDS** |
| | : | **A TRIAL BY JURY** |
| Theresa DePietro | : | |
| | : | |
|     Defendant | : | |

Other than the documents that have been sent to the Defendant by the Plaintiff or the
Plaintiff's representatives, there are no existing documents that the
Plaintiffs are requesting.

Dated: April 11, 2005

1

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MOTOWN RECORD COMPANY, L.P., a :
California limited partnership; CAPITOL :
RECORDS, INC., a Delaware corporation; :
ATLANTIC RECORDING :    CIVIL ACTION
CORPORATION, a Delaware corporation; :
UMG RECORDING, INC., a Delaware :    NO. 04-CV-2246
corporation; WARNER BROS. RECORDS :
INC., a Delaware corporation; and SONY :
MUSIC ENTERTAINMENT INC., a :
Delaware corporation, :
                               :
             Plaintiffs, :
                               :
      v. :
                               :
THERESA DePIETRO, :
                               :
             Defendant. :

## NOTICE OF DEPOSITION

**TO:**   Ms. Theresa DePietro
       1121 Folsom Avenue
       Prospect Park, PA  19076

      PLEASE TAKE NOTICE that plaintiffs, by their attorneys, will take the

deposition upon oral examination before an officer duly authorized by law to administer oaths of

Theresa DePietro on Thursday, April 7, 2005, commencing at 10:00 a.m., at the offices of

Pepper Hamilton LLP, 3000 Two Logan Square, Philadelphia, PA 19103, by stenographic

means.  The deposition may be used for all purposes allowed by the Federal Rules of Civil

Procedure and Federal Rules of Evidence.

Vincent V. Carissimi (#42227)
Barbara L. Delaney (#86160)
Nathan W. Dean (#91104)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated:  March 22, 2005

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Nathan W. Dean, certify that on this 22nd day of March, 2005, I caused to be served a copy of the foregoing Notice of Deposition by first class mail, postage prepaid, upon the following:

> Ms. Theresa DePietro
> 1121 Folsom Avenue
> Prospect Park, PA  19076

_____
Nathan W. Dean

# EXHIBIT 12

ORAL DEPOSITION OF THERESA DePIETRO, 5/4/05

1            UNITED STATES DISTRICT COURT

      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2

3

4

5

6    MOTOWN RECORD COMPANY,

     L.P., et al,

7

          Plaintiffs

8

      V                     NO. 04-CV-2246

9    THERESA DePIETRO,

10          Defendant

11

12

13

14          Oral deposition of THERESA

15   DePIETRO, taken at the law offices of

16   Pepper Hamilton, 18th and Arch

17   Street, Philadelphia, Pennsylvania,

18   on Wednesday, May 4, 2005, commencing

19   at approximately 9:20 a.m., before

20   Maureen E. Broderick, a Registered

21   Professional Reporter, pursuant to

22   notice.

23

24

ORAL DEPOSITION OF THERESA DePIETRO, 5/4/05

Page 2

1   APPEARANCES
2   TIMOTHY E. CONGROVE, ESQUIRE
    Tcongrove@shb.com
3   Shook, Hardy & Bacon, L.L.P.
    2555 Grand Boulevard
4   Kansas City, Missouri 64108-2613
    816.474.6550
5   Counsel for Plaintiffs
6
7
8       EXAMINATION INDEX
9   THERESA DePIETRO
      BY MR. CONGROVE          3
10
11
12      EXHIBIT INDEX
13                  MARKED
14  DePietro
    1  Notice of Deposition        4
15
    2  Court's order               4
16
    3  Complaint                   10
17
18
19
20
21
22
23
24

Page 3

1       THERESA DePIETRO, having
2   been duly sworn, was examined and
3   testified as follows:
4       (It is agreed by counsel
5   that reading and signing of the
6   transcript are waived, and that all
7   objections, except as to the form of
8   the question, are reserved until the
9   time of trial.)
10          EXAMINATION
11  BY MR. CONGROVE:
12      Q.  Good morning, Ms. DePietro.
13  My name is Tim Congrove.  I'm with
14  the law firm Shook, Hardy & Bacon
15  from Kansas City.  And I represent
16  the plaintiffs in the action that was
17  filed against you.
18      A.  Who is the plaintiffs?
19      (Interruption.)
20  BY MR. CONGROVE:
21      Q.  I represent the plaintiffs
22  in this action, Motown Records,
23  Capital Records, Atlantic Recording
24  Corporation, UMG Recording, Inc.,

Page 4

1   Warner Brothers Records, Inc., and
2   Sony Music Entertainment.
3       This action has been filed
4   in the United States District Court
5   for the Eastern District of
6   Pennsylvania against you, Ms.
7   DePietro.
8           MR. CONGROVE:  We'll mark
9   this as 1.
10          (Exhibits DePietro-1 and
11  DePietro-2 were marked for
12  identification.)
13  BY MR. CONGROVE:
14      Q.  Ms. DePietro, I've marked
15  as Exhibit 1 a notice of deposition
16  for this deposition today.  It's for
17  purposes of the record.  You're free
18  to see it if you want to, but you
19  should have received this in the
20  mail.
21      A.  Yes.
22      Q.  For purposes of the record,
23  I've marked as DePietro Exhibit No.
24  2, the Court's order admitting me to

Page 5

1   appear pro hac vice on behalf of the
2   plaintiffs in this action.  Okay?
3       A.  Yes.
4       Q.  Ms. DePietro, would you
5   please for purposes of the record
6   state your full name.
7       A.  Theresa DePietro.
8       Q.  Have you ever had your
9   deposition taken before in any other
10  matter?
11      A.  No.
12      Q.  Have you ever testified in
13  court or any other type of judicial
14  proceeding?
15      A.  Yes.
16      Q.  Could you tell me about
17  those prior occasions when you have
18  testified in court?
19      A.  I was a character witness.
20      Q.  Was that in a criminal or
21  civil proceeding?
22      A.  Criminal.
23      Q.  Approximately when did you
24  give that testimony?

ORAL DEPOSITION OF THERESA DePIETRO, 5/4/05

Page 6

1    A.  Two years ago.
2    Q.  Were you a character
3  witness for a defendant?
4    A.  Yes.
5    Q.  Was it a family member?
6    A.  No.
7    Q.  Was it a friend?
8    A.  An acquaintance.
9    Q.  What was the nature of the
10  criminal proceeding that you were
11  involved with?  Let me rephrase that
12  question.
13     Do you know what charges
14  were brought against your
15  acquaintance that you were testifying
16  on her behalf for?
17    A.  I don't think that has
18  anything to do with this.
19    Q.  I'm not going to ask for a
20  name, I just want to know what the
21  nature of the charges were.
22    A.  There's no reason for you
23  to know that.  I mean...
24    Q.  Where was that testimony

Page 7

1  given?  Was it here in Pennsylvania
2  or was it elsewhere?
3    A.  Pennsylvania.
4    Q.  Was it in state or federal
5  court?
6    A.  I don't remember.  What
7  relevance does this have on anything?
8    Q.  I can ask the questions at
9  depositions.
10    A.  Okay.
11    Q.  I want to know what the
12  nature of the proceedings were.
13     Let me just ask you this
14  question:  Did it have anything to do
15  with copyright infringement?
16    A.  No.  No.  No.
17    Q.  Now, you understand that
18  you are testifying under the penalty
19  of perjury today?
20    A.  Yes.
21    Q.  Just as you would if you
22  were testifying before a judge in a
23  court of law?
24    A.  Yes.

Page 8

1    Q.  Ms. DePietro, the court
2  reporter is going to be taking down
3  everything that is said today.  Okay?
4    A.  Correct.
5    Q.  She can only transcribe one
6  person's voice at a time.  So I'm
7  going to go over a few ground rules
8  so that it makes her life easier.
9  Okay?  All right?
10    A.  Yes.
11    Q.  Since she's transcribing
12  what my questions and your response
13  is, it's important that we don't talk
14  over each other.  Okay?
15     So please wait until I
16  finish with my question before you
17  give your response.  Okay?
18    A.  Yes.
19    Q.  I will also wait until you
20  finish your answer before I start my
21  next question.  Okay?
22    A.  Yes.
23    Q.  If you do not understand a
24  question, please let me know and I'll

Page 9

1  do my best to rephrase it.  Okay?
2    A.  Sure.
3    Q.  It's also important during
4  these depositions that you give
5  verbal responses.  She can't record
6  nods of the head, shrugs of the
7  shoulders, et cetera.  Okay?
8    A.  Okay.
9    Q.  You're doing great, by the
10  way.
11     THE WITNESS:  Off the
12  record.
13     THE COURT REPORTER:  Off
14  the record, Counsel?
15     MR. CONGROVE:  Yes.
16     (Discussion off the
17  record.)
18     MR. CONGROVE:  Back on the
19  record.
20  BY MR. CONGROVE:
21    Q.  By the way, I mean, in
22  terms of going on and off the record,
23  ma'am, if you want to ask to do that,
24  that's fine with me.  But before you

ORAL DEPOSITION OF THERESA DePIETRO, 5/4/05

Page 10

1  start to say anything since I am the
2  one who has noticed the deposition,
3  please allow me to consent to that
4  before we go off the record. Okay?
5      A. Gotcha.
6      Q. Are you represented by
7  counsel here today, ma'am?
8      A. No.
9      Q. Are you under the influence
10  of any drugs, alcohol, or medication
11  that would affect your memory or
12  would affect your ability to provide
13  truthful and complete answers?
14      A. No.
15      Q. Can you think of any reason
16  why you cannot give your best
17  testimony today?
18      A. No.
19      (Exhibit DePietro-3 was
20  marked for identification.)
21  BY MR. CONGROVE:
22      Q. Ms. DePietro, I'm going to
23  hand you what we've marked as
24  DePietro Exhibit No. 3. For the

Page 11

1  record, this is the Complaint that
2  was filed in this action against you.
3  Would you flip with me to the seventh
4  page, please, ma'am.
5      A. (Witness complies.)
6      Q. This is the page I'm
7  looking at.
8      A. Are they numbered?
9      Q. No.
10      Ma'am, this is the
11  Complaint that was filed against you
12  in this case. You have turned to the
13  page which is labeled Complaint and
14  you can see the caption there with
15  your name. Do you see that, ma'am?
16      A. Yes.
17      Q. The pages before here are
18  the civil cover sheet and other court
19  documents that have to be filed with
20  the Complaint.
21      Do you recall receiving the
22  Complaint in this matter, ma'am?
23      A. Yes.
24      Q. Did you read it at the

Page 12

1  time?
2      A. Every single page?
3      Q. Did you read it?
4      A. Not all of it, most of it.
5  Some of it.
6      Q. You looked through the
7  Complaint; is that right?
8      A. Yes.
9      Q. If you'll turn with me to
10  Page 6 of the Complaint, the sixth
11  page of the document that we were
12  looking at, this one is numbered,
13  you'll see the Complaint was filed on
14  May 24, 2004. Do you see that? Do
15  you see the date there?
16      A. Is that the original date?
17      Q. That's the date when this
18  Complaint was filed against you.
19      A. Because I received
20  something prior to this.
21      Q. We'll cover that later.
22  This is the Complaint that
23  actually -- the actual lawsuit was
24  filed on May 24, '04. Do you see

Page 13

1  that?
2      A. Okay.
3      Q. When you received that
4  Complaint, what did you do?
5      A. I briefed through it.
6      Q. Did you try to contact an
7  attorney?
8      A. Yes.
9      Q. Did you contact one
10  particular attorney or did you
11  contact a number of attorneys?
12      A. I spoke with a few.
13      Q. Are the attorneys that you
14  contacted people that you're
15  personally acquainted with or are
16  these individuals that you found in
17  the telephone book?
18      A. Neither.
19      Q. How did you find the
20  attorneys that you tried to contact?
21      A. Where did I get their names
22  at? Two, somebody called for me and
23  some I found on my own, but not in
24  the phone book.

ORAL DEPOSITION OF THERESA DePIETRO, 5/4/05

Page 14

1    Q.  How did you find them on
2   your own?
3    A.  Through going to -- I got
4   information from someone on people
5   that handled this type of stuff, so
6   through friends.
7    Q.  Who was that someone who
8   gave the information about lawyers
9   who handle these types of matters?
10    A.  A friend.
11    Q.  What is his or her name?
12    A.  Arlene.
13    Q.  What is Arlene's last name?
14    A.  I don't know.
15    Q.  How do you know Arlene?
16    A.  She is a friend of a
17   friend.
18    Q.  What is the name of your
19   friend who is friends with Arlene?
20    A.  Merrie.
21    Q.  What is Merrie's last name?
22    A.  DePietro.
23    Q.  Are you related to Merrie
24   DePietro?

Page 15

1    A.  Yes.
2    Q.  How are you related to
3   Merrie?
4    A.  Merrie is my sister-in-law.
5    Q.  How do you spell her name?
6    A.  D-e-P-I-E-T-R-O.
7    Q.  How do you spell her first
8   name?
9    A.  M-E-R-R-I-E.
10       MR. CONGROVE:  Off the
11   record.
12       (Discussion off the
13   record.)
14       MR. CONGROVE:  Back on the
15   record.
16   BY MR. CONGROVE:
17    Q.  Who is Merrie married to?
18   Your brother?
19    A.  My brother.
20    Q.  What is your brother's
21   name?
22    A.  Jack.
23    Q.  Where does Jack live?
24    A.  Actually it's John, but

Page 16

1   same thing.
2    Q.  Where does John DePietro
3   live?
4    A.  Highland Avenue in Morton.
5   I don't know the address.
6    Q.  Now, you are not being
7   represented in this lawsuit, correct?
8    A.  Correct.
9    Q.  When I say not represented,
10   you're not being represented by an
11   attorney in this lawsuit, correct?
12    A.  Correct.
13    Q.  Are you in contact with any
14   attorneys who are advising you how
15   you should defend yourself?
16    A.  I don't understand the
17   question.
18    Q.  Are you receiving any
19   advice from an attorney as to how you
20   should defend yourself in this
21   lawsuit?
22    A.  No.
23    Q.  Have you -- let me back up.
24       Without telling me what

Page 17

1   advice may have been given, have you
2   received any advice from an attorney
3   as to how you should defend yourself
4   in this lawsuit?
5    A.  What's that?
6    Q.  Without telling me what an
7   attorney has told you, have you
8   received any advice from an attorney
9   as to how you should defend yourself
10   in this lawsuit?
11    A.  No.
12    Q.  What is your middle
13   initial, Ms. DePietro?
14    A.  M.
15    Q.  What does M stand for?
16    A.  Mary.
17    Q.  What is your date of birth?
18    A.  September 1, 1958.
19    Q.  Are you a US citizen?
20    A.  Yes.
21    Q.  What is your maiden name?
22   I'm sorry.
23       Are you married?
24    A.  No.

ORAL DEPOSITION OF THERESA DePIETRO, 5/4/05

Page 18

1    Q. Have you ever been married?
2    A. No.
3    Q. What is your Social
4  Security number?
5    A. I don't have it.
6    Q. How about your driver's
7  license number?
8    A. I don't have that either.
9    Q. Do you have a driver's
10  license?
11   A. Yes.
12   Q. Did you drive here today?
13   A. Yes.
14   Q. What is your home address?
15   A. 1121 Folsom Avenue,
16  Prospect Park, Pennsylvania, First
17  Floor.
18   Q. What type of residence is
19  that? Is that a single family home?
20  A condominium? Apartment? How would
21  you describe it?
22   A. Where I live?
23   Q. Yes.
24   A. In an apartment.

Page 19

1    Q. How long have you lived
2  there?
3    A. Five, six years, something
4  like that.
5    Q. Do you recall what year you
6  moved to Folsom Avenue?
7    A. No.
8    Q. It's been at least five or
9  six years?
10   A. Around there.
11   Q. I take it that you rent
12  that residence?
13   A. Mm-hmm.
14   Q. That's one of the things
15  about depositions, it's important for
16  you to give yes, no type of responses
17  as opposed to mm-hmms. She can't
18  take those down. It's not really
19  clear as to what that is.
20      You're saying you do rent
21  this apartment; is that right?
22   A. Actually, my boyfriend's
23  name is on the lease.
24   Q. What is the name of your

Page 20

1  boyfriend?
2    A. That's a good question.
3  I'm kind of in the middle of
4  splitting up. So, let's see, is he
5  still my boyfriend?
6    Q. What is the name of your
7  boyfriend or maybe-soon-to-be former
8  boyfriend?
9    A. Nazareno.
10   Q. How do you spell that?
11   A. N-A-Z-A-R-E-N-O.
12   Q. Is that his first or last
13  name?
14   A. That's his first name.
15   Q. What is his last name?
16   A. Fioravanti.
17   Q. Can you spell that for us,
18  please.
19   A. F-I-O-R-A-V-A-N-T-I.
20   Q. Are you currently living
21  together?
22   A. As of two hours ago.
23   Q. Let me start over. Are you
24  currently living together? When you

Page 21

1  say "As of two hours ago," what do
2  you mean by that?
3    A. He's going to be moving
4  out.
5    Q. He is in the process of
6  moving out; is that right?
7    A. So he says.
8    Q. How long have the two of
9  you lived together?
10   A. 13 years. It will be 13
11  years in September, actually.
12   Q. Have the two of you lived
13  together at 1121 Folsom Avenue for
14  the past five to six years?
15   A. Yes.
16   Q. Was there any point in time
17  at which Mr. Fioravanti previously
18  moved out?
19   A. No.
20   Q. So up until today, when he
21  is in the process of moving out, he
22  has continuously resided with you at
23  1121 Folsom Avenue; is that correct?
24   A. Yes.

ORAL DEPOSITION OF THERESA DePIETRO, 5/4/05

Page 22

1    Q.  You don't have to give me
2  street addresses, but where did you
3  live before the 1121 Folsom Avenue
4  address?  What suburbs or cities did
5  you live in?
6    A.  Same one, Prospect Park.
7    Q.  Had you always lived in
8  Prospect Park?
9    A.  No.
10    Q.  How long have you lived in
11  Prospect Park?
12    A.  14 years.
13    Q.  I apologize if I've asked
14  this question before:  Prior to your
15  relationship with Mr. Fioravanti,
16  were you ever previously married and
17  went by a different name?
18    A.  No.
19    Q.  Have you always gone by
20  Theresa DePietro?
21    A.  Yes.
22    Q.  Do you and Mr. Fioravanti
23  have any children?
24    A.  No.

Page 23

1    Q.  Do you have any children
2  from prior relationships?
3    A.  No.
4    Q.  Does he have any children?
5    A.  Yes.
6    Q.  Do they live with you?
7    A.  No.
8    Q.  Have they ever lived with
9  you?
10    A.  No.
11    (Witness crying.)
12  BY MR. CONGROVE:
13    Q.  Ma'am, if you need to take
14  a break at any time, please let me
15  know and we can certainly take a
16  break.
17    A.  No.  We're going to wind
18  this up quick.
19    Q.  So how many children does
20  Mr. Fioravanti have?
21    A.  One.
22    Q.  What is his child's name?
23    A.  Michelle.
24    Q.  How old is Michelle?

Page 24

1    A.  I don't know.
2    Q.  Have you ever seen
3  Michelle?
4    A.  Yes.
5    Q.  If you had to make a guess,
6  how old would you say Michelle is?
7    A.  32.
8    Q.  She's never lived with you,
9  right?
10    A.  Correct.
11    Q.  Has she ever spent any
12  extended periods of time at your
13  apartment on Folsom Avenue?
14    A.  No.
15    Q.  How often does she visit?
16    A.  Never.
17    Q.  Has she ever visited you at
18  Folsom Avenue?
19    A.  No.
20    Q.  Other than Mr. Fioravanti,
21  does anybody else live with you at
22  the 1121 Folsom Avenue apartment?
23    A.  No.
24    Q.  Has anyone lived with you

Page 25

1  and Mr. Fioravanti at the 1121 Folsom
2  Avenue apartment in the past five
3  years?
4    A.  No.
5    Q.  Have you had any long-term
6  houseguests who have stayed with you
7  at your apartment on Folsom Avenue?
8    A.  No.
9    Q.  I take it you don't have
10  any other roommates?
11    A.  Correct.
12    Q.  Does anyone other than you
13  and Mr. Fioravanti have access to
14  your home in terms of keys or so
15  forth?
16    A.  Probably, yes.
17    Q.  Can you tell me who those
18  people are?
19    A.  I have a key that anyone
20  can have access to.  I leave it kind
21  of somewhere.
22    Q.  You don't have to tell me
23  where.
24    Who are the people that you

ORAL DEPOSITION OF THERESA DePIETRO, 5/4/05

Page 26

1  would allow to access your home with
2  the key that you leave available for
3  them?
4     A.  Friends and family.
5     Q.  You've told me about one
6  brother that you have.  Do you have
7  any other siblings?
8     A.  Yes.
9     Q.  What are their names?
10    A.  I'm not answering any more
11 questions.  I refuse to answer on the
12 grounds it might incriminate me.  I'm
13 taking my Fifth.
14    Q.  You're going to assert the
15 Fifth --
16    A.  For every question you've
17 got from now on out.
18    Q.  Ma'am, obviously you're not
19 a lawyer.  Can you explain to me your
20 understanding of the Fifth Amendment
21 and what it entitles you to object
22 to?
23    A.  I'm done.
24    Q.  Are you refusing to answer

Page 27

1  that question?
2     A.  I refuse to answer the
3  questions.  I'm taking my Fifth
4  Amendment.
5     Q.  Ma'am, I'm going to have to
6  make a record of some of these
7  questions.  Okay?  If you're going to
8  assert the Fifth, that is obviously
9  your choice.  I'm going to go ahead
10 and ask you some questions.  All
11 right?
12    A.  How long are you going to
13 take?
14    Q.  I'm not sure.
15       What led you to conclude
16 that you should assert the Fifth
17 Amendment in this case?
18    A.  (No response.)
19    Q.  Ma'am, do we need to read
20 the question again?
21       MR. CONGROVE:  Would you
22 read that last question back, please.
23       (The court reporter read
24 back the following:

Page 28

1        "Q.  What led you to
2  conclude that you should assert the
3  Fifth Amendment in this case?")
4        MR. CONGROVE:  Please note
5  for the record that this question has
6  been pending for over a minute and
7  Ms. DePietro has refused to respond
8  at all or even to make an objection.
9  BY MR. CONGROVE:
10    Q.  Ms. DePietro, what leads
11 you to believe that it is proper to
12 assert the Fifth Amendment in this
13 case?
14    A.  (No response.)
15       MR. CONGROVE:  Please allow
16 the record to reflect that question,
17 that last question has been pending
18 for approximately one minute with no
19 response whatsoever from Ms.
20 DePietro.
21 BY MR. CONGROVE:
22    Q.  Ms. DePietro, to your
23 knowledge, are you being criminally
24 investigated by the federal, state

Page 29

1  governments for the copyright
2  infringement, the acts of copyright
3  infringement alleged in this lawsuit?
4     A.  (No response.)
5        MR. CONGROVE:  Please let
6  the record reflect that the preceding
7  question has been pending for
8  approximately one minute with no
9  response whatsoever from Ms.
10 DePietro.
11 BY MR. CONGROVE:
12    Q.  Ms. DePietro, are you aware
13 of anyone who has been criminally
14 prosecuted for infringing the
15 copyrights of the music companies
16 over the Internet?
17    A.  (No response.)
18       MR. CONGROVE:  Let the
19 record reflect that Ms. DePietro did
20 not respond to the preceding question
21 which has been pending for more than
22 a minute.
23       Let's go off the record.
24       (Brief recess.)

ORAL DEPOSITION OF THERESA DePIETRO, 5/4/05

Page 30

1     MR. CONGROVE:  On the
2  record.
3     THE WITNESS:  It was nice
4  meeting you.
5  BY MR. CONGROVE:
6     Q.  Before you leave, Ms.
7  DePietro, we commenced this
8  deposition approximately 40 minutes
9  ago.
10     During a series of
11  background questions that I was
12  asking you, in particular a question
13  concerning other family members who
14  might have, as a prelude to finding
15  out who might have access to your
16  home and who might have access to
17  your computer, you asserted the Fifth
18  Amendment as an objection to that
19  question.
20     I was seeking that
21  background information in order to
22  determine whether or not others might
23  have access to your computer --
24     A.  I don't mean to be rude.  I

Page 31

1  told you I'm leaving.
2     Q.  Let me please make my
3  record, ma'am.  I'm going to go and
4  continue to make this record, ma'am.
5  Okay?  I would advise you not to
6  leave.
7     (Witness leaves.)
8     MR. CONGROVE:  I'm going to
9  start over for purposes of the
10  record.
11     During the series of
12  questions that I was asking Ms.
13  DePietro about basic background, she
14  asserted the Fifth Amendment
15  objection.  I was asking her
16  questions about others who might have
17  access to her home and, therefore,
18  access to the computer upon which the
19  infringing activity took place.
20     Ms. DePietro told me that
21  family members and friends had access
22  to her home.  I asked for the names
23  of her family members.
24     At that point she asserted

Page 32

1  a Fifth Amendment objection and
2  refused to answer any further
3  questions.
4     She continued to refuse to
5  answer questions concerning the basis
6  or her understanding of the grounds
7  for her Fifth Amendment objection and
8  privilege.  She was completely
9  non-responsive, as the record will
10  reflect, and refused to answer any
11  questions.
12     She has prematurely
13  terminated the deposition.  And
14  plaintiffs reserve rights to seek
15  attorney fees and expenses incurred
16  in connection with this prematurely
17  terminated deposition.
18     (Deposition adjourned at
19  10:14 a.m.)
20
21
22
23
24

# EXHIBIT 13



www.shb.com

Timothy E. Congrove

July 11, 2005

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2130 DD
816.421.2708 Fax
tcongrove@shb.com

**By Certified Mail No.** _7160 3901 9848 3872 0310_

Thresca DePietro
1121 Folsom Ave.
Prospect Park, PA 19076

**Re:** *Motown Records, et al. v. DePietro*
**Case No. 2:04-CV-246, E.D. Pa.**

Dear Ms. DePietro:

As you are aware, we represent the Plaintiffs in the above-referenced matter. We are writing to once again address the inadequacy of your responses to Plaintiffs' written discovery requests and your conduct in the May 4, 2005 deposition.

Your responses to both written and oral discovery are troublesome. First, the Court, following our earlier motion to compel, ordered you to respond to Plaintiffs' written discovery requests. Your responses, in which you assert the Fifth Amendment and deny that you possess certain information, are unbelievable. Second, you again asserted your Fifth Amendment rights and abruptly terminated your deposition without just cause.

Unless we can resolve these issues, Plaintiffs will again file a motion to compel and or for sanctions, including monetary penalties for the unwarranted termination of your deposition. The result of this hearing could have drastic consequences for you legally, as well as financially. We therefore hope you will contact us to discuss appropriate supplemental responses and/or resolution of this matter. If we do not hear from you by July 15, 2005, we will have no option but to file the appropriate pleadings.

We look forward to your cooperation

Sincerely,

Timothy E. Congrove

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

1704423v1

# CERTIFICATE OF SERVICE

I, Howard M. Klein, Esquire, hereby certify that on this date I caused a true and correct copy of the foregoing Motion to Compel to be served upon defendant by first class mail, at the following address:

James Trojan
661 S. 5th Avenue, Lot 4
Royersford, PA 19468

Dated:  July 19, 2005

Howard M. Klein